SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**ARIN C. HEINZ, MIB #P80252**
Arin.heinz@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-CR-00260-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **BERNAVENE STELLA AGUIRRE,** | |
| **Defendant.** | |

### I.    INTRODUCTION

Defendant was involved in the theft of personal property of two elderly victims with memory struggles while they resided in a nursing home that Defendant worked at. Her repeated decision to take advantage of vulnerable victims warrants a sentence of 30 days in custody with 1 year of supervised release to follow. 18 U.S.C. §3553(a).

### II.    FACTUAL BACKGROUND

Defendant worked at the High Lookee Lodge ("the Lodge") on Warm Springs Indian reservation between November 16, 2023, and May 30, 2024. In March of 2025, the Director of the Lodge reported to law enforcement that Defendant stole checks from an elderly resident that suffered from memory issues, Adult Victim 2 (AV2). Law enforcement began to investigate.

**Government's Sentencing Memorandum**                                            **Page 1**

In the course of the investigation, law enforcement determined that Defendant fraudulently forged and cashed approximately 28 checks of AV2's totaling $12,291.56 between May 8,2024 and March 28, 2025. PSR ¶ 17. Not only that, but Defendant changed AV2's banking mailing address to a P.O. Box on Warm Springs inhibiting AV2 from discovering the fraud earlier. PSR ¶ 17. AV2 was wheelchair bound and cognitively challenged but confirmed to law enforcement that AV2 did not authorize Defendant to write checks or access their bank account. Id.

AV1's son also reported that there were missing electronics and jewelry from his mother's room. Agents were able to recover two of the items that were reported missing from Defendant's vehicle: a Samsung tablet and a HP Laptop. PSR ¶ 20. Agents recovered a third stolen item from AV1 at a pawn shop in Madras: a pair of Sony headphones. PSR ¶ 21. Other items that AV1 reported stolen have never been recovered, as further detailed below.

### III.    GUIDELINE CALCULATIONS

The presentence report correctly calculates Defendant's base offense level pursuant to USSG § 2B1.1(a)(2), applies a +2 enhancement because the loss exceeded $6,500 under USSG § 2B1.1(b)(1), and applies a +2 enhancement because the victims were vulnerable under USSG § 3A1.1(b)(1). PSR ¶¶ 5, 29-31. The Defendant demonstrated acceptance of responsibility, so the Government, consistent with the plea, also agrees to recommend a 2-level reduction under USSG § 3E1.1. This results in a total adjusted offense level of 8. PSR ¶¶ 5, 36. Further, the PSR correctly calculates Defendant's criminal history score as 1, resulting in a criminal history category of I and guideline range of 0-6 months. PSR ¶¶ 40-43.

///

///

**Government's Sentencing Memorandum**                                    **Page 2**

### IV.     RESTITUTION AND VICTIM IMPACT STATEMENTS

Pursuant to 18 U.S.C. § 3663A(c)(1)(A)-(B), the Mandatory Victim Restitution Act (MVRA), restitution applies in property offense cases under Title 18 in which a victim has suffered a pecuniary loss. In conjunction with the MVRA and the Crime Victims' Rights Act, the Government provided the Court and Defense with a copy of an excel spreadsheet requesting restitution on behalf of AV1. *See* 18 U.S.C. § 3771(a)(4) (providing that victims shall have the "right to be reasonably heard at any public proceeding in the district court involving release, plea, [or] sentencing"); 18 U.S.C. § 3771(c)(1) ("Officers and employees of the Department of Justice . . . shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in [18 U.S.C. § 3771(a)]").  AV1's son and power of attorney prepared the restitution spreadsheet on AV1's behalf and is requesting the Court order $12,174.65 in restitution. The Government will address the valuation of the items and then whether they can be linked to the Defendant below.

In the course of the investigation, AV1's son reported to law enforcement that electronics and jewelry were missing from his mother's room. He prepared an itemized list and provided receipts for some of the electronic items. However, some of the items of jewelry were difficult to calculate the value for because they were customized gifts to his mother. His spreadsheet reflects his best estimate based on conversations with the jeweler who made the items at the time. Moreover, Law enforcement was not able to recover all of the items that AV1's son reported missing in their investigation. The items recovered from Defendant are: 1) a grey Samsung Tablet; 2) a grey HP laptop Envy X-360; and 3) Sony headphones. These items are in law enforcement custody and will be returned to AV1 following sentencing; thus, they are not part of AV1's restitution request.

**Government's Sentencing Memorandum**                                          **Page 3**

The Court must determine causation in order to properly adjudge restitution on AV1's behalf. Indeed, the victim must be "directly and proximately harmed as a result of the commission of the offense." 18 U.S.C. § 3663A(a)(2), The items listed on the spreadsheet are items that law enforcement did not recover during searches of Defendant's car or residence. AV1's son reported that his mother resided at the Lodge for 10 years and during February 2025 he noticed that his mother's rings and electronics were missing. He noted that it was odd for his mother's rings to be missing because she never took them off. The investigation also revealed that AV1 moved rooms around the time that her items went missing and that there was also construction in the Lodge. Because of the construction, there were contractors inside the Lodge. For these reasons, the Government could not affirmatively link the Defendant to the loss of the items sufficient to charge Defendant with their theft or receipt of the stolen items.[1] The Government defers to the Court on whether restitution is appropriate under the circumstances of this case, recognizing the victim's right to be reasonably heard and the need for the Court to determine proximate cause. To date, the Government has not received victim impact statements from either victim but will provide them prior to sentencing if the Government receives them.

## V.    ARGUMENT

A custodial sentence of 30 days is appropriate in light of the nature and circumstances of the offense, the need to promote respect for the law and provide just punishment, and the need to deter the defendant from future crimes. 18 U.S.C. § 3553(a).  Defendant's conduct spanned nearly a year and involved the repeated decision to take advantage of vulnerable victims who

---

[1] *See e.g.* Superseding Information which charges Defendant with receiving stolen property, specifically "a laptop computer, a tablet, black headphones, and checks." ECF 32. It is also for this reason that the plea letter only addresses restitution for AV2 and not AV1.

**Government's Sentencing Memorandum**                                              **Page 4**

entrusted employees at the Lodge with their care and well-being. Though the low-end of the guidelines is 0 months in custody, a sentence of no custody time does not fully account for the harm to the victims. It also does not fully account for the Defendant's repeated choices in this case, including but not limited to: forging and cashing 38 checks of AV2's, changing AV2's bank address, setting up a P.O. Box to re-route AV2's bank mail to, receiving a stolen laptop of AV1's, as well as AV1's tablet and pair of headphones, and bringing the headphones to a pawn shop for profit, to name a few. Defendant's conduct involves a repeated and systematic set of decisions to harm two members of a vulnerable population that is often overlooked. For these reasons, the United States respectfully requests the Court adjudge a sentence of 30 days in custody with 1 year of supervised release to follow.

Dated: July 9, 2026                                      Respectfully submitted,

                                                         SCOTT E. BRADFORD
                                                         United States Attorney

                                                         */s/ Arin C. Heinz*
                                                         ARIN C. HEINZ, MIB #P80252
                                                         Assistant United States Attorney

**Government's Sentencing Memorandum**                                      **Page 5**